IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                                                         ORDER

                 Plaintiff,

                                                     09-cv-427-bbc

     v.

Ms. SICKENGER (Sgt.); Mr. BRINKMAN (C.O.);
C.O. Mr. CAIRO; C.O. Mr. J. PEAK;
C.O. Mr. SCULLION; C.O. Ms. PELKY;
Nurse Ms. JOLINDA WATERMAN; Nurse
Ms. MARIAN HARTMANN; Nurse Ms. MAURA
MCNAMEE; Nurse Mr. DARREN FOSTER;
Health Manager Ms. MARY MILLER; Doctor
Mr. BURTON COX, JR.; Complaint Examiner
Ms. CHRISTINE BEERKIRCHER, Complaint
Examiner Ms. ELLEN K. RAY; Complaint Examiner
Mrs. KELLY TRUMM; Warden's Wife
Mrs. JUDITH HUIBREGTSE; Warden, Mr. PETER
HUIBREGTSE; Security Director Ms. MONICA
HORNER; Assistant Warden, Mr. BOUGHTON;
Director of W.D.O.C. Mr. RICK RAEMISCH;

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                 Plaintiff,

                                                     09-cv-437-bbc

v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); Mrs. JUDITH
HUIBREGTSE (Sgt. Mail Room); Capt. BOISE;
Lt. TOM; Ms. CHRISTINE BEERKIRCHER;
C.O. SCULLION; Health Manager, MARY MILLER;
Captain DYLON RADTKE; Warden GREG GRAMS;
Security Director JANEL NICKEL; Assist.
Warden MARC CLEMENTS; Lieutenant
D. LIPINSKI; ICE MARY LEISER; Sergeant
KOTTA; Capt. CANFIELD; M.D. BURTON COX;
Assist. Warden, GARY BOUGHTON; Sergeant
SICKENGER; R.N. JOLINDA WATERMAN;
Captain MASON; ICE KELLY TRUMM;
Sergeant CARPENTER; ICE ELLEN RAY;
C.O. TAYLOR; Capt. SHARPE; C.O. MULLUSK;
C.O. FREDRICK; C.O. GALENGER;
C.O. COCKROFT; R.N. DARREN FOSTER;
C.O. BRINKMAN; C.O. JONES;
R.N. MARIAN HARTMAN, C.O. PEAK;
C.O. FINNELL; C.O. BELZ, SR.; Sgt. BLOYER;
C.O. LEFTLER; C.O. BELZ, JR.; R.N. DEBORAH
CAMPBELL; W.D.O.C. Secretary RICK RAEMISCH;

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In orders entered in these cases on July 16, 2009, I told plaintiff that before I could consider his request to proceed in forma pauperis he would have to submit a trust fund account statement covering the full six-month period immediately preceding the filing of his complaints so that I could assess initial partial payments of the $350 filing fees in each case.

2

Plaintiff has submitted the requested statement. From the statement, I have calculated plaintiff's initial partial payment in each case to be $11.30. If plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account. The only amounts plaintiff must pay at this time are the $11.30 initial partial payments. Before prison officials take any portion of these amounts from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

## ORDER

IT IS ORDERED that

1. Plaintiff is assessed $11.30 as an initial partial payment of the $350 fee for filing case no. 09-cv-427-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $11.30 on or before August 13, 2009.

2. Plaintiff is assessed $11.30 as an initial partial payment of the $350 fee for

filing case no. 09-cv-437-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $11.30 on or before August 13, 2009.

3. If, by August 13, 2009, plaintiff fails to make the initial partial payments in either case or show cause for his failure to do so, he will be held to have withdrawn that action voluntarily. In that event, the clerk of court is directed to close the file without prejudice to plaintiff's filing his case at a later date.

Entered this 24th day of July, 2009.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge