IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                     ORDER

              Plaintiff,

                                  09-cv-427-bbc

       v.

Ms. SICKENGER (Sgt.); Mr. BRINKMAN (C.O.);
C.O. Mr. CAIRO; C.O. Mr. J. PEAK;
C.O. Mr. SCULLION; C.O. Ms. PELKY;
Nurse Ms. JOLINDA WATERMAN; Nurse
Ms. MARIAN HARTMANN; Nurse Ms. MAURA
MCNAMEE; Nurse Mr. DARREN FOSTER;
Health Manager Ms. MARY MILLER; Doctor
Mr. BURTON COX, JR.; Complaint Examiner
Ms. CHRISTINE BEERKIRCHER, Complaint
Examiner Ms. ELLEN K. RAY; Complaint Examiner
Mrs. KELLY TRUMM; Warden's Wife
Mrs. JUDITH HUIBREGTSE; Warden, Mr. PETER
HUIBREGTSE; Security Director Ms. MONICA
HORNER; Assistant Warden, Mr. BOUGHTON;
Director of W.D.O.C. Mr. RICK RAEMISCH;

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                   ORDER

            Plaintiff,

                                09-cv-437-bbc

v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); Mrs. JUDITH
HUIBREGTSE (Sgt. Mail Room); Capt. BOISE;
Lt. TOM; Ms. CHRISTINE BEERKIRCHER;
C.O. SCULLION; Health Manager, MARY MILLER;
Captain DYLON RADTKE; Warden GREG GRAMS;
Security Director JANEL NICKEL; Assist.
Warden MARC CLEMENTS; Lieutenant
D. LIPINSKI; ICE MARY LEISER; Sergeant
KOTTA; Capt. CANFIELD; M.D. BURTON COX;
Assist. Warden, GARY BOUGHTON; Sergeant
SICKENGER; R.N. JOLINDA WATERMAN;
Captain MASON; ICE KELLY TRUMM;
Sergeant CARPENTER; ICE ELLEN RAY;
C.O. TAYLOR; Capt. SHARPE; C.O. MULLUSK;
C.O. FREDRICK; C.O. GALENGER;
C.O. COCKROFT; R.N. DARREN FOSTER;
C.O. BRINKMAN; C.O. JONES;
R.N. MARIAN HARTMAN, C.O. PEAK;
C.O. FINNELL; C.O. BELZ, SR.; Sgt. BLOYER;
C.O. LEFTLER; C.O. BELZ, JR.; R.N. DEBORAH
CAMPBELL; W.D.O.C. Secretary RICK RAEMISCH;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                            ORDER

                Plaintiff,

                                            09-cv-463-bbc

        v.

PETER HUIBREGTSE, Warden;
MONICA HORNER, Security Dir;

2

GARY BOUGHTON, Asst. Warden;
MS. HOEM, (Dr.) - Psychologist;
MS. S. SHARPE, (Dr.)(Psychologist);
KEVIN KALLAS (MD), Psychiatrist;
RUBIN-ASH, Psychologist;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                                           ORDER

                Plaintiff,

                                                           09-cv-464-bbc

     v.

PETER HUIBREGTSE;
JUDITH HUIBREGTSE;
GARY BOUGHTON;
MONICA HORNER;
LT. HANDFEILD; LT. TOM;
C.O. JONES; C.O. LEFTLER;
C.O. BELZ SR.; CAPT. HOOPER;
C.O. MULLUSK; C.O. COCKROFT;
RICK REAMISCH; and CAPT. MASON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 24, 2009 and July 27, 2009, I entered orders in these cases assessing plaintiff Jackie Carter $11.30 initial partial payments of the $350 filing fees. Although the court received one $10.00 payment on August 4, 2009 for case no. 09-cv-427-bbc, plaintiff's initial partial filing fees in these cases remain unpaid. Now before the court is a letter from plaintiff dated August 11, 2009, that I construe as a motion for an extension of time to make

3

the initial partial payments.  Plaintiff's motion will be granted.

In his motion, plaintiff says that he submitted a request to the prison business office for disbursement of $45.20 to pay the initial partial payments he has been ordered to pay. Attached to plaintiff's motion is a request for disbursement of funds that a prison employee identified as J. Gerber disapproved because plaintiff had not provided a copy of the court's order assessing the payments.  In the July 24 and July 27 orders, I told plaintiff that he should provide copies of the orders to prison officials so that they know that this court has ordered plaintiff to pay initial partial payments in these cases.  If plaintiff has not already taken this step, he should do so immediately.  I will allow plaintiff an extension of time until September 14, 2009, in which to straighten out matters with the prison and arrange for payment of his initial partial filing fees.

Plaintiff suggests in an attachment to his motion that he may have to make the initial partial payments from funds in his release account and he is concerned that prison officials will not allow him to do so.  My review of the trust fund account statement plaintiff submitted in these cases shows that although he had a zero balance in his regular account at the time of filing, he had a balance of $429.27 in his release account.  The language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the state of Wisconsin has

conceded that this provision of the Prison Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payments, he should be allowed to use his release account to pay some or all of the assessed amounts. To insure that officials at the prison business office are aware of their responsibilities addressed in this order, I am sending a copy of this order to the warden of the Wisconsin Secure Program Facility.

ORDER

IT IS ORDERED that plaintiff's motion for an extension of time (dkt. ##10, 10, 8 and 8) is GRANTED and the deadline within which plaintiff is to pay the initial partial payments he has been assessed in these cases is extended to September 14, 2009. If, by September 14, 2009, plaintiff fails to pay the initial partial payments, he will be held to have withdrawn these actions voluntarily. In that event, the clerk of court is directed to close the

file without prejudice to plaintiff's filing his cases at a later date.

Entered this 31st day of August, 2009.

                                                              BY THE COURT:

                                                              /s/

                                                              _____
                                                              BARBARA B. CRABB
                                                             District Judge