IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                Plaintiff,                OPINION and ORDER

v.

                                              09-cv-437-wmc

DYLAN RADTKE, DAVID LIPINSKI,
LORI ALSUM, STEVE HELGERSON,
DARCI BURRENSON, RICK RAEMISCH,
GREGORY GRAMS, JAMES GREER,
JANEL NICKEL and DALIA SULIENE,

                Defendants.

---

On November 18, 2011, the court held a status conference with plaintiff Jackie Carter and counsel for defendants, to discuss to how proceed with the above-captioned case as well as Carter's five other currently pending cases. At the conference, the court concluded that attorneys Joseph A. Ranney and Barret V. Van Sicklen had fulfilled their obligation to represent Carter for the limited purposes outlined in the court's July 15, 2011 order appointing them. The court also concluded that all of Carter's cases should proceed with plaintiff now acting *pro se*. This opinion and order sets in writing the remainder of the court's rulings issued at the status conference and details how each case will proceed.

OPINION

**I. Case no. 09-cv-427-wmc**

This case concerns plaintiff's claims that prison officials refused to give him essential items such as "meals, medications, toilet paper, soap, tooth paste, tooth brush, comb, prescriptions, clean clothes, linin [sic] [and] underwear" and then ignored his complaints

about the denial of these items. Defendants have a filed a motion for summary judgment based on Carter's failure to exhaust his administrative remedies. Carter did not file a formal response to defendants' motion by the deadline, but did submit a letter stating that he has exhausted his administrative remedies by submitting complaints that prison officials refused to process, that he has proof of this and that prison officials have interfered with his outgoing mail.

In a June 23, 2011 order, the court formally lifted the stay in this case and gave Carter a second chance to submit a response to defendants' summary judgment motion. Rather than submit a substantive response, Carter submitted a letter stating that he was confused about the instructions to proceed in this case, even though the court had previously stated that it was seeking an attorney to represent him for limited purposes in his other cases. Although the court's previous orders appointing counsel technically encompassed only case no. 09-cv-437-wmc and subsequent cases (and did not include case no. 09-cv-427-wmc), the court will give him a final opportunity to file a response to the exhaustion motion. Carter will have until December 16, 2011, to submit *documentation* showing his attempts as exhausting his administrative remedies, including any responses by prison officials. Defendants will have until December 30, 2011 to file a reply to Carter's submissions, if any.

Should Carter's claims survive the motion for summary judgment, the court will set a schedule for how to proceed with the remainder of the litigation.

**II. Case no. 09-cv-437-wmc**

In this case, Carter is proceeding on claims that prison staff are acting with deliberate indifference to serious medical needs concerning his feet, rectum and pain management. At

the status conference, Carter stated that he had been granted the use of his medically authorized "personal" shoes while in the general population, but that these shoes were confiscated by a prison guard. The court instructed counsel for defendants to provide the court with a report indicating the current status of plaintiff's personal shoes, which they did today, December 2, 2011, in the form of affidavits.

This case will now proceed to the summary judgment stage. At the status conference defendants indicated their desire to file a summary judgment motion and will be given until January 17, 2012, to do so. Carter will then have until February 17, 2012, to file his response. Defendants will have until February 27, 2012, to file their reply, if any. A copy of this court's procedures for briefing summary judgment motions are attached to this opinion and order.

**III. Case nos. 10-cv-280-wmc, 10-cv-510-wmc, 10-cv-520-wmc & 11-cv-110-wmc**

Carter's remaining complaints have not yet been screened by the court to determine whether he has stated any claims upon which relief may be granted. The court will take these complaints under advisement for screening.

ORDER

IT IS ORDERED that:

(1) Attorneys Joseph A. Ranney and Barret V. Van Sicklen have fulfilled their obligations to represent plaintiff Carter for limited purposes as discussed in the court's July 15, 2011 order. Plaintiff will proceed pro se in each of his cases.

(2) Any actual or effective stay in each of plaintiff's pending cases in this court is LIFTED.

3

(3)  Each of these cases will proceed as outlined in the opinion above.

Entered this 2nd day of December, 2011.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge