IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

            Plaintiff,

   v.

SGT. SICKENGER, C.O. MATTHEW SCULLION, CHRISTINE BEERKIRCHER, ELLEN K. RAY, KELLY TRUMM, PETER HUIBREGTSE, MONICA HORNER, MR. BOUGHTON, and RICK RAEMISCH,

            Defendants.

ORDER

09-cv-427-wmc

---

JACKIE CARTER,

            Plaintiff,

   v.

DYLON RADTKE, GREG GRAMS, JANEL NICKEL, DAVID LIPINSKI, RICK RAEMISCH, LORI ALSUM, STEVE HELGERSON, DARCI BURRESON, JAMES GREER, and DALIA SULIENE,

            Defendants.

ORDER

09-cv-437-wmc

---

Before the court are two motions by plaintiff Jackie Carter seeking reconsideration of this court's orders granting defendants' motions for summary and entering judgment for defendants. (No. 09-cv-427 (dkt. #100); No. 09-cv-437 (dkt. #156).) For the reasons that follow, the court will deny both motions.

*First*, in Case No. 09-cv-427, the court granted defendants' motion for summary judgment, finding that Carter had failed to exhaust his Eighth Amendment conditions of

confinement claim. (Dkt. ##98-99.) In his motion for reconsideration, Carter complains that he could not respond to defendants' motion for summary judgment based on exhaustion because defendants were blocking his mail and/or refusing to grant him a legal loan disbursement. (Dkt. #100.) From the time of defendants' filing of the motion for summary judgment and the court's order granting the motion, plaintiff filed approximately 30 letters to the court. Any argument that his efforts to respond to the motion were somehow blocked by defendants is foreclosed by plaintiff's multiple filings during the relevant period of time. Given this, plaintiff offers no reason for his failure to timely respond to the motion for summary judgment, nor otherwise explains why he could not have submitted the evidence attached to his motion for reconsideration. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999) (Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.") (quotation marks and citation omitted).

Even if the court were to consider the new "evidence" submitted in support of his argument that he did exhaust the claims asserted here, the offender complaints submitted by plaintiff *post*-date the filing of the complaint and, therefore, necessarily, cannot serve as a basis for exhausting these claims. (Pl.'s Mot., Ex. 2 (dkt. #100-2) (containing 5 offender complaints dated Aug. 2, 2009, Aug. 3, 2009, and Aug. 17, 2009).) *See Burrell v. Powers*, 431 F.3d 282, 284 (7th Cir. 2005) ("Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit in federal court."). Moreover, in

these late offender complaints, Carter does not raise concerns about the denial of life necessities that is the subject of his 09-cv-427 complaint.

*Second*, in No. 09-cv-437, the court granted defendants' motion for summary judgment on plaintiff's Eighth Amendment deliberate indifference claims and First Amendment retaliation claims on the merits. (Dkt. #153.) In his motion for reconsideration, plaintiff argues that he was not asked to submit evidence that he had exhausted these claims. (Dkt. #156.) In this case (as compared to the '427 case), the court did not grant defendants' motion for summary judgment because of Carter's failure to exhaust his claims; rather, the court concluded that Carter had failed to put forth sufficient evidence from which a reasonable trier of fact could conclude that defendants were deliberately indifferent to him or retaliated against him. As a result, Carter again offers the court no grounds for reconsidering its judgment in favor of defendants.

ORDER

IT IS ORDERED that:

1) In the No. 09-cv-427 case, plaintiff Jackie Carter's motion for reconsideration (dkt. #100) is DENIED; and

2) In the No. 09-cv-437 case, plaintiff's motion for reconsideration (dkt. #156) is also DENIED.

Entered this 28th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge